```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DESHAWN BANKS,                              :
                                            :
                      Plaintiff,            :
                                            :
              -v.-                          :
                                            :
OFFICER WILLIAM,                            :
                                            :
                      Defendant.            :
------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/12

**REPORT AND RECOMMENDATION**

11 Civ. 8667 (GBD) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable George B. Daniels, United States District Judge:**

Pro se Plaintiff Deshawn Banks ("Banks"), an inmate in New York State custody, brought this section 1983 action alleging that a female corrections officer, Defendant William, violated his Eighth Amendment rights by "sexually fondl[ing]" him during a pat-down frisk on November 20, 2011. William has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, asserting that the alleged conduct does not constitute a constitutional violation. For the reasons that follow, I recommend that William's motion be GRANTED.

## I. BACKGROUND

### A. Banks' Allegations

The following facts are taken from the Complaint that Banks filed on November 28, 2011. All factual allegations in the Complaint are accepted as true for the purposes of this motion.

1

USDC SDNY
DATE SCANNED: 9/27/12

On November 20, 2011, Banks was incarcerated at the George R. Vierno Center ("GRVC") on Rikers Island. (Complaint, dated Nov. 28, 2011 ("Compl.") (Dkt. No. 2), at 4).[1] He was held in GRVC's Punitive Segregation Housing Unit, known as "13-B." (Compl. at 3). Officer William was assigned to frisk Banks and several other inmates in his unit. (Id.) The frisks were part of a routine security procedure for inmates in 13-B who were going to the recreation yard. (Id.)

Banks alleges that in the course of conducting the frisk, Officer William "fondled" him in a sexual manner. (Id. at 4). Banks contends that he immediately asked to speak with a supervisor, but the corrections officers at the scene ignored him and mocked his request for help. (Id.) Banks further asserts that although he did not sustain physical injuries (Id. at 6), Officer William violated his rights and made him feel "discomfort." (Id. at 5).

This action was filed eight days after the incident. In his Complaint, Banks explained that the cells in 13-B are under video surveillance and that he planned to present video footage of the incident. (Id. at 4).[2]

---

[1] The page numbers of the Complaint refer to those assigned to the document by the Court's ECF numbering system.

[2] Banks also claimed that Officer William sexually fondled two other prisoners at GRVC, Terreck LaGrand and Andy Ramos. (Compl. at 3). In order to proceed with the claims involving LaGrand and Ramos, the Court directed LaGrand and Ramos to file certain documentation with the Court. (See Order of Service, dated January 6, 2012 (Dkt. No. 10) at 1). In particular, LaGrand and Ramos were directed to sign the Complaint and submit the signature page. (Id.) Despite numerous extensions, neither LaGrand nor Ramos completed the required documentation. (See Order dated March 22, 2012 (Dkt. No. 15) and Order dated April 18, 2012 (Dkt. No. 16) at 1, 2). On May 14, 2012, I recommended that their claims be dismissed. (See Report and Recommendation, dated May 14, 2012 (Dkt. No. 18)). The Court has not yet ruled on whether it will adopt this Report and Recommendation. However, to date, no objections have been filed, and neither LaGrand nor Ramos has rectified the deficiencies in their filings. Accordingly, I will consider the pending motion only as it applies to Banks (though the same conclusion would apply to LaGrand and Ramos as well).

2

B.      Procedural History

On March 20, 2012, William filed an answer in which she denied having fondled Banks. (Answer (Dkt. No. 13), ¶ 3). In addition, she raised six affirmative defenses, including that the Complaint failed to state a claim upon which relief could be granted and that she had not violated any constitutional rights. (Id. ¶¶ 8-13).

On July 2, 2012, Banks sought a court order directing William to produce videotape footage of the incident. (Motion to Produce Videotape Footage (Dkt. No. 22), at 2). William opposed the motion, arguing that it was premature because discovery was still ongoing and defense counsel was in the process of searching for the tape, as well as for several other items of requested discovery. (Letter of July 26, 2012 (Dkt. No. 27), at 1-2). I denied the motion without prejudice, and ordered the parties to confer regarding any discovery disputes. (Id. at 2).

On July 26, 2012, William moved for judgment on the pleadings pursuant to Rule 12(c). (See Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint, dated July 26, 2012 ("Def.'s Mem.") (Dkt. No. 26)).[3] William argued that Banks failed to allege sufficient facts to raise an inference that his Eighth Amendment rights were violated. (Id. at 2, 5). On August 6, 2012, the Court received a letter from Banks, which it construed as his Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp.") (Dkt. No. 28). Banks argued that the videotape footage would corroborate his claim, and that his Complaint should not be dismissed in the absence of the tape. (Pl.'s Opp. at 2). In response, on August 23, 2012, William filed a Reply Memorandum of Law in Further Support of Her Motion to Dismiss Complaint

---

[3] While Defendant styles her motion as one that seeks "dismissal" of the complaint (Def.'s Mem. at 1), because she has answered, it is more accurately characterized as a motion for judgment on the pleadings (and she properly invokes Rule 12(c) rather than Rule 12(b) to that end).

("Def.'s Reply Mem.") (Dkt. No. 28). William argued that the purpose of a 12(c) motion is to allow dismissal before the parties incur expenses related to discovery, making dismissal appropriate at this juncture. (Id. at 3). Plaintiff thereafter submitted papers in further opposition to the motion, dated August 29, 2012 (Dkt. No. 30).

## II. DISCUSSION

### A. Standard on a Rule 12(c) Motion

Under the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard for evaluating a motion for judgment on the pleadings under Rule 12(c) is the same as the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. See, e.g., Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004). In considering such motions, the court must take all factual allegations as true and draw all reasonable inferences in the non-moving party's favor. See, e.g., Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). For the purposes of this motion, I therefore assume the truth of all of Banks' factual allegations.[4]

Because Banks is proceeding pro se, the Court must liberally construe his pleadings and interpret the complaint "to raise the strongest arguments it suggests." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted); see also Peay v. Ajello, 470 F.3d 65, 67 (2d Cir. 2006) (complaints prepared by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers") (citations and quotation marks omitted). However, the Court

---

[4] I recognize that Banks hoped to present video footage of this incident and I assume for purposes of this motion that any video footage would corroborate the allegations in the Complaint.

4

need not accept as true "conclusions of law or unwarranted deductions of fact." See, e.g., First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (internal citation and quotation marks omitted). Banks' pro se status also does not "exempt [him] from compliance with relevant rules of procedural and substantive law," Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (internal citation and quotation marks omitted).

      B.    Eighth Amendment Violations Under 42 U.S.C. § 1983

The Second Circuit has held that "sexual abuse of an inmate by a corrections officer may reach constitutional dimensions and give rise to an Eighth Amendment claim under Section 1983." Boddie v. Schnieder, 105 F.3d 857, 859 (2d Cir. 1997).[5] To make out an Eighth Amendment claim, the conduct must satisfy a two-prong test with both objective and subjective components. Boddie, 105 F.3d at 861 (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)); see also Wright v. Goord, 554 F.3d 255, 268 (2d Cir. 2009) ("A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components—one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect."). Because I find that Banks cannot satisfy the objective component for an Eighth Amendment claim, I do not reach the subjective component in this report and recommendation.

---

[5] Although the parties assume that Banks' claim arises under the Eighth Amendment, if Banks' detention on Rikers Island was pre-trial in nature (and the record is not clear as to his status), then "the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment is the source of [Banks'] constitutional protections." Harry v. Suarez, No. 10 Civ. 6756 (NRB), 2012 WL 2053533, at *2 n.3 (S.D.N.Y. June 4, 2012) (citing Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009)). Even so, "the established Eighth Amendment framework for claims of sexual abuse by prison officials would still provide the appropriate standards for resolving plaintiff's claim[]." Id.

To make out an Eighth Amendment claim based on sexual abuse by a corrections officer, the alleged abuse must be "objectively, sufficiently serious" given "contemporary standards of decency." Boddie, 105 F.3d at 861. An Eighth Amendment violation may occur if the sexual contact is "severe" or "repetitive." Id. However, not every instance of misconduct gives rise to a constitutional violation. Id. Rather, the Second Circuit found in Boddie that the plaintiff "failed to state an Eighth Amendment claim" when he asserted that a prison guard touched his penis on one occasion, made several inappropriate comments to him, and pressed up against him without his consent. Id. The Court concluded that "[t]he isolated episodes of harassment and touching alleged by Boddie are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court." Id. (citing Farmer, 511 U.S. at 833-34).

Following Boddie, courts in this Circuit have consistently held that "isolated instances of allegations of fondling and groping" are "insufficient to sustain an Eighth Amendment claim." Garcia v. Watts, No. 08 Civ. 7778 (JSR) (HBP), 2009 WL 2777085, at *7 (S.D.N.Y. Sept. 1, 2009) (dismissing Eighth Amendment claim because "two instances of improper sexual contact, several inappropriate comments, and an allegedly unauthorized cell search—although abhorrent, does not rise to the level of cruel and unusual punishment" and citing cases to same effect); Harry v. Suarez, No. 10 Civ. 6756 (NRB), 2012 WL 2053533, at *3 (S.D.N.Y. June 4, 2012) (allegation that corrections officer groped plaintiff's genitals for up to 53 seconds during frisk insufficient to sustain Eighth Amendment claim); Gill v. Jones, No. 95 Civ. 9031 (KTD), 2001 WL 1346012, at *9 (S.D.N.Y. Nov. 1, 2001) (allegation that officer rubbed his penis against plaintiff's buttocks during strip search not constitutionally cognizable).

6

In this case, Banks alleges that Officer William fondled him on a single occasion during a pat-down frisk. (Compl. at 3). This conduct is much less severe than the conduct at issue in Boddie, which involved multiple instances of verbal harassment and sexual touching. See Boddie, 105 F.3d at 861. Since Officer William's alleged conduct did not involve a severe or repetitive pattern of abuse, it is insufficient to form the basis of a claim on which relief can be granted in federal court. Id. I echo the sentiment articulated in Boddie that this conclusion is not meant to convey that the defendant's alleged conduct was appropriate, and I make no assessment as to whether an action based on these facts would be cognizable under state tort law. Boddie, 105 F.3d at 861. Rather, I find that the facts pled in Banks' complaint simply do not rise to the level of a constitutional violation.[6]

### III.   CONCLUSION

For the foregoing reasons, I recommend that William's motion be granted.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

---

[6] William also argues that Section 1997(e) of the Prison Litigation Reform Act ("PLRA") bars recovery because Banks did not allege any physical injury. (Def.'s Mem. at 7). The PRLA provides that "no federal civil action may be brought by a prisoner confined in a . . . prison . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C § 1997(e). However, this language does not bar recovery entirely where physical injury is not alleged; it merely limits a plaintiff's recovery to nominal and punitive damages. Edwards v. Horn, No. 10 Civ. 6194 (RJS) (JLC), 2012 WL 760172, at *22 (S.D.N.Y. Mar. 8, 2012) ("To recover punitive or nominal damages . . . a prisoner need not allege that he has sustained a physical injury") (citing Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002)). I will not address the potential for recovery under the PLRA because I have recommended dismissal on other grounds.

objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010). If Banks does not have access to cases cited herein that are reported on Westlaw, he should request copies from Defendant. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Dated: New York, New York
September 27, 2012

/s/ James L. Cott
JAMES L. COTT
United States Magistrate Judge

**Copies of this Report and Recommendation have been sent by ECF to counsel of record and by mail to:**

Deshawn Banks
12-A-0406
South Port Correctional Facility
P.O.Box 2000
Pine City, NY 14871-2000