UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
DESHAWN BANKS, ANDY RAMOS, and
TERRECK LEGRAND,

                      Plaintiffs,

      -against-

OFFICER WILLIAM,

                      Defendant.
------------------------------------------------X

ORDER

11 Civ. 8667 (GBD)(JLC)

GEORGE B. DANIELS, District Judge:

*Pro se* plaintiffs Deshawn Banks, Andy Ramos, and Terreck LaGrand filed this Section 1983 action on November 18, 2011. Shortly thereafter, this Court referred the matter to Magistrate Judge James L. Cott for general pretrial supervision.

By multiple orders, Magistrate Judge Cott directed Plaintiffs Ramos and LaGrand to each submit certain documentation to the Court. See Docket Nos. 10, 15, 16. In particular, Ramos and LaGrand were each directed to resubmit the signature page of the Complaint with an original signature, and to either to pay the $350 filing fee or submit a completed separate Request to Proceed In Forma Pauperis. Magistrate Judge Cott advised Ramos and LaGrand that if they failed to submit the required documentation, he would recommend that their claims be dismissed.

Despite numerous extensions, there is no indication from the docket that Ramos has submitted a signature page of the Complaint with his original signature or that LaGrand has submitted any of the required documentation. Magistrate Judge Cott thus issued a Report and Recommendation recommending that the claims of both Ramos and LaGrand be dismissed.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F.Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y.1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y.2005) (citation omitted).

In his report, Magistrate Judge Cott advised the parties that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections to the Report would result in waiver of those objections and preclude appellate review. No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

## Conclusion

The Section 1983 claims of Plaintiffs Andy Ramos and Terreck LaGrand are DISMISSED.

Dated: February 27, 2013
      New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge