UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DESHAWN BANKS,                              :
                                            :
                        Plaintiff,          :      MEMORANDUM DECISION AND
                                            :               ORDER
            -against-                       :
                                            :      11 Civ. 8667 (GBD)(JLC)
OFFICER WILLIAM,                            :
                                            :
                        Defendant.          :
                                            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GEORGE B. DANIELS, District Judge:

     *Pro se* plaintiff Deshawn Banks,[1] a former inmate at the George R. Vierno Center

("GRVC") on Rikers Island, brings this action pursuant to 42 U.S.C. § 1983 alleging that

defendant Officer William violated his Eight Amendment right to be free from cruel and unusual

punishment.  Specifically, Plaintiff alleges that on November 20, 2011, Defendant "sexually

fondled" him while conducting a pat-down frisk of him in GVRC's Punitive Segregation

Housing Unit.  Plaintiff alleges that he immediately asked to speak with a supervisor about the

incident, but the corrections officers at the scene ignored him and mocked his request for help.

Plaintiff further asserts that although he did not sustain physical injuries, Defendant violated his

rights and made him feel "discomfort."

     Defendant moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)

asserting that the alleged conduct does not constitute a constitutional violation.  This Court

referred the matter to Magistrate Judge James L. Cott for his Report and Recommendation

---

[1]  Andy Ramos and Terreck LaGrand were also originally plaintiffs in this case.  However, their claims were
dismissed in this Court's order adopting the Report and Recommendation of James L. Cott on February 27, 2013.

("Report"). Magistrate Judge Cott recommended that Defendant's motion for judgment on the pleadings be granted.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F.Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y.1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y.2005) (citation omitted). In his report, Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff filed a "pro se answer to the defendant Williams motion dated 9/27/2012" which this Court construes as an objection to the Report. In that "pro se answer," Plaintiff did not specifically object to any aspect of the Report but re-alleged the facts pled in support of his Complaint. The Report is adopted in its entirety.

Magistrate Judge Cott properly found that Plaintiff has not alleged facts sufficient to state an Eighth Amendment claim. To plead an Eighth Amendment claim based on sexual abuse by a

corrections officer, the alleged abuse must be "objectively, sufficiently serious" given

"contemporary standards of decency." Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997).

Plaintiff's allegations that Defendant fondled him on a single occasion during a pat-down frisk

do not meet this objective requirement.  The Second Circuit Court of Appeals held in Boddie that

assertions by a plaintiff that a prison guard touched his penis on one occasion, made several

inappropriate comments to him, and pressed him up against a wall without his consent, were

despicable if true, but were insufficient to state an Eighth Amendment claim.  Id. at 861.

Additionally, courts within this Circuit have applied the holding in Boddie to determine that

"isolated instances of allegations of fondling and groping" are "insufficient to sustain an Eighth

Amendment claim."  Garcia v. Watts, No. 08 Civ. 7778 (JSR)(HBP), 2009 WL 2777085, at *7

(S.D.N.Y. Sept 1, 2009); Harry v. Suarez, No. 10 Civ. 6756 (NRB), 2012 WL 2053533, at *3

(S.D.N.Y. June 4, 2012).

## CONCLUSION

Defendant's motion to dismiss the complaint is GRANTED.  The Clerk of the Court is

directed to close this case.

Dated: February 27, 2013
       New York, New York

FEB 29 2013

SO ORDERED:

*George B Daniels*

GEORGE B. DANIELS
United States District Judge